1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROCK N' ROLL FOODS, LLC, *et al*., ) | |
| Plaintiffs, ) | Case No. 2:15-cv-00988-JAD-CWH |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| STEPHEN FRAZER, *et al*., ) | |
| ) | |
| Defendants. ) | |

## BACKGROUND

On August 21, 2015, the Court issued an order directing Defendants Stephen Frazer and Emerging Technology Corporation ("defendants") to advise the Court, no later than September 8, 2015, of the new counsel they retain in this action, with the Court noting that Defendant Emerging Technology Corporation may appear in federal court only through licensed counsel. See Doc. # 15. The Court also set a status hearing for September 17, 2015 to discuss the status of this action with the parties. Id. Defendants neither advised the Court of the new counsel they retained, nor appeared before the Court at the hearing held on September 17th. See Doc. # 20. Thereafter, the Court entered an order requiring defendants to show cause why the Court should not impose sanctions, up to and including a recommendation that default be entered against defendants, for failing to comply with this Court's order. See Doc. # 21. Defendants did not bother to respond to the Court's order to show cause, and failed to appear at the show cause hearing held on October 5, 2015. See Doc. # 23. Thus, the Court now enters this report recommending that default be entered against defendants.

//

**DISCUSSION**

The broad, underlying purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action and proceeding." See Fed.R.Civ.P. 1. This objective guides the courts as they construe and administer the federal rules, with various mechanisms helping courts achieve this objective, including the ability to manage caseloads and to sanction parties who fail to comply with the rules or who unnecessarily multiply proceedings.

For example, Rule 16, a central pretrial rule, authorizes courts to manage cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated." In re Phenylpropanolamine Products Liability Litigation, 460 F.3d 1217, 1227 (9th Cir. 2006). Subsection (f) allows courts to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney... fails to obey a scheduling order or other pretrial order," including sanctioning a party by dismissing an action. See Fed.R.Civ.P.16(f); Fed.R.Civ.P.37(b)(2)(A)(v).

Generally, however, drastic sanctions that, among others, dismiss an action are imposed only as a last resort. See Henry v. Gill Industries, 983 F.2d 943, 948 (9th Cir. 1993). In determining sanctions under Rule 37(b)(2), a court may consider the following five factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See Connecticut General Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007). However, the Ninth Circuit has held that it is not always necessary for courts to impose less severe sanctions first, or to give explicit warnings that sanctions may be imposed. See Valley Engineers Inc. v. Electric Engineering Company, 158 F.3d 1051, 1057 (9th Cir.1998).

Moreover, the court may consider the offending party's conduct when determining the appropriate sanctions. See Henry, 983 F.2d at 947. Nevertheless, the offending party's conduct must be based on wilfulness, fault, or bad faith for more drastic sanctions to be appropriate. Id. at 947-48 (citing Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1337 (9th Cir. 1990)).

The Court now turns to Rule 37(b)(2)'s five-part test to determine whether the drastic sanction of entering default is justified based on defendant's absence in this litigation and failure to obey this Court's prior orders.

1    **1.     Expeditious Resolution of Litigation**

2         "Orderly and expeditious resolution of disputes is of great importance to the rule of law.  By the

3    same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money,

4    memory, manageability, and confidence in the process."  In re Phenylpropanolamine Products Liability

5    Litigation, 460 F.3d at 1227.

6         Here, defendants failed to comply with this Court's order by failing to: (1) advise the Court of the

7    new counsel retained in this action; (2) appear at the status hearing set on September 17, 2015; (3) respond

8    to the Court's order to show cause; and (4) appear at the show cause hearing held on October 5, 2015.

9    Defendants have taken no action in this case since July 1, 2015.  See Doc. # 10.  Defendants' behavior is

10   inconsistent with Rule 1's directive to "secure a just, speedy, and inexpensive" determination of this action.

11   Accordingly, this factor weighs in favor of entering sanctions against defendants.

12   **2.     Court's Need to Manage Its Docket**

13        It has long been recognized that the court's inherent power to control its docket includes the ability

14   to issue drastic sanctions, such as striking an answer or entering a default judgment, where appropriate.

15   See Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir 1986) (citation omitted).

16   Indeed, the U.S. Supreme Court has noted that sanctions "must be available to the district court in

17   appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction,

18   but to deter those who might be tempted to such conduct in the absence of such a deterrent."  National

19   Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976).

20        To date, defendants have not bothered to advise the Court of the new counsel retained in this action,

21   and have been absent from this litigation since July 2015.  Defendants' failures have thwarted the

22   advancement of this action, making it difficult for this Court to effectively manage its docket.  As a result,

23   this factor weighs in favor of sanctions.

24   **3.     Risk of Prejudice**

25        The actions of one party that "impair" another party's "ability to proceed to trial or... interfere with

26   the rightful decision of the case" are prejudicial.  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

27   Defendants' absence in this litigation is highly prejudicial because it impairs plaintiffs' ability to conduct

28   discovery, proceed to trial, and obtain a "rightful decision" in this case.  Accordingly, this factor also

weighs in favor of sanctions against defendants.

**4.     Public Policy**

"[T]he public policy favoring disposition of cases on their merits strongly counsels against" sanctions. In re Phynylpropanolamine Products Liability Litigation, 460 F.3d at 1228 (citation omitted). Although this factor may cut against default being entered against defendants, it is not enough to prevent such an outcome especially since defendants' absence has made it impossible for further proceedings in this case.

**5.     Less Drastic Sanctions**

The Court must consider the adequacy of less drastic sanctions in the instant case. Two considerations are relevant to this Court's analysis: (1) whether lesser sanctions are adequate, and (2) whether the court warned the recalcitrant party about the possibility of sanctions. Connecticut General Life Ins. Co., 482 F.3d at 1096.

It is obvious that defendants have not participated in this action in good faith by failing to: (1) advise the Court of the new counsel retained in this action; (2) appear at the status hearing set on September 17, 2015; (3) respond to the Court's order to show cause; and (4) appear at the show cause hearing held on October 5, 2015. These failures have resulted in defendants' violation of this Court's orders. Moreover, defendant has been absent from this litigation since July 2015 and the Court can only conclude that defendants have wilfully abandoned their defense of this case. Consequently, this factor weighs in favor of sanctions against defendants.

After careful consideration, the Court finds that entering default against defendants is appropriate in the instant case. See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (Drastic sanctions are appropriate when, as here, four factors support such a finding).

## CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that default be entered against defendants.

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report

and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the District Court's Order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated: October 5, 2015

_____

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

5