# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Rock N' Roll Foods, LLC, et al.

    Plaintiffs

v.

Stephen Frazer, et al.,

    Defendants

**2:15-cv-00988-JAD-CWH**

**Order Adopting Report and Recommendation, Striking Answers, and Entering Default against Defendants**

[ECF Nos. 22, 24, 27]

    In this removed action, plaintiffs Richard Parks and his company Rock N' Roll Foods, LLC seek to recoup a $100,000 loan made to defendants Stephen Frazer and his corporation Emerging Technology Corporation ("ETC").[1]  Because defendants have repeatedly refused to comply with court orders, Magistrate Judge Hoffman recommends entry of default against them.[2]  I find that entry of default is warranted, and I direct the Clerk of Court to strike the defendants' answers and enter their defaults.

## Background

    On August 21, 2015, Magistrate Judge Hoffman entered an order advising ETC that corporations may only appear in federal court through licensed counsel and directing ETC to retain counsel and notify the court that it had done so by September 8, 2015.[3]  After ETC failed to retain counsel by the court-ordered deadline and defendants failed to show up for a September 2015 status hearing, Magistrate Judge Hoffman ordered defendants to show cause why he should not recommend

---

[1] ECF No. 17.  Plaintiffs also initially sued ETC treasurer Pitor Tomisk, but plaintiffs voluntarily dismissed all claims against Tomisk after they failed to effectuate proper service on him.  ECF Nos. 30, 31.

[2] ECF No. 24.

[3] ECF No. 15.

sanctions—including entry of default—against them.[4]  Frazer filed a pro se answer purportedly on ETC's behalf,[5] but neither defendant responded to the magistrate judge's order to show cause or appeared at the October 2015 show-cause hearing.  Magistrate Judge Hoffman now recommends that I enter default against them.[6]

Defendants object to the magistrate judge's recommendation.[7]  In identical objections filed pro se via defendant Frazer, defendants argue that the report and recommendation "denies the constitutional right of fair tr[ia]l to all Defendants who lack the financial resources to engage counsel, particularly the individuals."[8]  Defendants then cast several aspersions against their former counsel, whom they claim did not follow their directions to "move the case out of court and into arbitration" and improperly removed this case to federal court.[9]  On October 23, 2015, two months after plaintiffs filed their amended complaint, Frazer answered it.[10]

**Discussion**

Defendants' answer to plaintiffs' amended complaint was due on September 8, 2015.[11]  Thus, Frazer's October 23, 2015, answer is more than a month late,[12] and I exercise my discretion to strike this untimely pleading.  ETC still has not filed a proper answer because, as has been repeatedly

---

[4] ECF No. 21.

[5] ECF No. 22.

[6] ECF No. 24.

[7] ECF Nos. 26, 28.

[8] ECF No. 26 at 1.

[9] *Id.* at 2.

[10] ECF No. 27.

[11] ECF No. 17.  A party has 14 days to respond to an amended pleading.  FED. R. CIV. P. 15(a)(3).

[12] ECF No. 27.

1   explained, ETC may only appear in federal court through licensed counsel.[13]  I therefore also strike

2   ETC's purported answer (which is also untimely) to the amended complaint.[14]  The net result is that

3   defendants have failed to answer or otherwise respond to plaintiffs' amended complaint.

4   Defendants' belated answers are yet another example of their blatant refusal to follow the rules and

5   orders of this court and to participate in this litigation in good faith.  Further, ETC still has not

6   advised the court that it has retained counsel.  And defendants make no attempt to explain their

7   failure to respond to the magistrate judge's show-cause order, their failure to appear at court hearings

8   in this case, or their failure to timely answer plaintiffs' amended complaint.

9         A district court must consider five factors when determining whether to enter default as a

10   sanction under FRCP 16(f) for failure to obey a court order: "(1) the public's interest in expeditious

11   resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

12   [plaintiffs]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability

13   of less drastic sanctions."[15]  Having reviewed Magistrate Judge Hoffman's findings and conclusions

14   and defendants' sparse objections in light of these factors, I conclude that entry of default is proper.

15         The first two factors strongly favor striking defendants' answers and entering defaults against

16   them because their refusal to participate in this lawsuit and follow court orders, especially ETC's

17   refusal to retain counsel, has "greatly impeded resolution" of this case.[16]  The risk of prejudice to the

18   plaintiffs also supports entering default because defendants have interfered with plaintiffs' abilities

19

20   [13] *See* 28 U.S.C. § 1654; *D–Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74

21   (9th Cir. 2004) ("It is a longstanding rule that 'corporations and other unincorporated associations must appear in court through an attorney.'") (alteration and citation omitted); *see also Rowland v.*

22   *Cal. Men's Colony, Unit II Men's Advisory Counsel*, 506 U.S. 194, 201–202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only

23   through licensed counsel.") (citation omitted).  Frazer is not an attorney and lacks the capacity to

24   appear on ETC's behalf.

25   [14] ECF No. 22.  Other courts have similarly stricken the answers of fictitious defendants who fail to retain counsel.  *See Galtieri-Carlson v. Victoria M. Morton Enterprises*, 2010 WL 3386473, * at 3

26   (E.D. Cal. Aug. 26, 2010).

27   [15] *Malone v. United States Postal Servs*, 833 F.2d 128, 130 (9th Cir. 1987).

28   [16] *Id.* at 131.

to conduct discovery, proceed to trial, and obtain a resolution in this case.[17]

The fifth factor—availability of less drastic sanctions—also weighs in favor of default because defendants were warned that failure to comply with court orders may result in default being entered against them.[18]  Despite this warning and the magistrate judge's recommendation, ETC still has not retained counsel, and neither defendant has offered a substantive response to that recommendation or made any attempt to explain its failure to comply with court orders.[19]

I recognize that the fourth factor, which considers the public policy favoring disposition of cases on their merits, cuts against entry of default.  But the defendants' repeated failures to comply with court orders, rules, and deadlines casts doubt on whether this case could ultimately be determined on its merits, and I find that this public policy alone is not enough to prevent entry of defaults against these defendants.  In total and on balance, these factors favor entering defaults against the defendants, so I overrule their objections and adopt the magistrate judge's report and recommendation in its entirety.

---

[17] *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

[18] ECF No. 41.

[19] Other courts have similarly concluded that default is an appropriate sanction when a fictitious defendant refuses to obtain counsel.  *See United States v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *Area 55, Inc. v. Celeras LLC*, 2011 WL 1375307, at *2–3 (S.D. Cal. Apr. 11, 2011).

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that **Magistrate Judge Hoffman's report and recommendation [ECF No. 24] is ADOPTED.  The Clerk of Court is directed to strike defendants' improperly filed answers [ECF Nos. 22, 27] and enter default against Stephen Frazer and Emerging Technology Corporation.**

ETC is cautioned that any future filings on its behalf by anyone but counsel who is licensed to practice before this court will be stricken without further prior notice.

Dated this 10th day of June, 2016.

_____
Jennifer A. Dorsey
United States District Judge