# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Rock N' Roll Foods, LLC; Richard "Rocky" Parks, | Case No. 2:15-cv-00988-JAD-DJA |
| Plaintiffs, | **Order** |
| v. | |
| Stephen Frazer; Emerging Technology Corporation; et al., | |
| Defendants. | |

This is a breach of contract action arising out of a loan Richard "Rocky" Parks and his company Rock N' Roll Foods, LLC made to Frazer and Emerging Technology Corporation. The Court entered judgment in Plaintiffs favor and against Defendants in the amount of $100,000 to bear post-judgment interest at the statutory rate on September 15, 2017. (ECF No. 44). Plaintiffs now move for issuance of a writ of execution (ECF No. 49), for a writ of garnishment (ECF No. 50), for renewal of the judgment (ECF No. 52), and for an order shortening time (ECF No. 54). However, the Court notes that Plaintiffs' counsel has not withdrawn, but Plaintiffs have nonetheless filed their motions *pro se*. The Court thus denies the motions without prejudice and with leave to re-file and will require Plaintiffs' counsel to enter a status report regarding representation.

**I.     Discussion.**

"Unless the court orders otherwise, a party who has appeared by attorney cannot while so represented appear or act in the case. This means that once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court; all filings must be made by the attorney." Local Rule IA 11-6(a). "If an attorney seeks to withdraw after appearing in a case, the attorney must file a motion or stipulation and serve it on the affected client and opposing counsel." Local Rule IA 11-6(b).

Here, the docket indicates that attorney Ryan Anderson is still counsel for Plaintiffs. The Notices of Electronic Filing also demonstrate that Mr. Anderson is receiving notice of Plaintiffs' motions. But the Court has not received a motion to withdraw by Mr. Anderson. The Court recognizes that the case was closed six years ago. However, based on the docket, the Court cannot determine whether Plaintiffs are represented and nonetheless filing on their own behalf or if Plaintiffs are in fact attempting to proceed *pro se.*[1]

Because Plaintiffs' motions are filed on their own behalf without any indication that they are no longer represented, the motions violate Local Rule IA 11-6(a). The Court thus denies them without prejudice and with leave to re-file. The Court will further require Mr. Anderson to file a status report regarding his representation of Plaintiffs.

**IT IS THEREFORE ORDERED** that Plaintiffs' motions for issuance of writ of execution (ECF No. 49), for writ of garnishment (ECF No. 50), for renewal of judgment (ECF No. 52), and for order shortening time (ECF No. 54) are **denied without prejudice and with leave to re-file.**

**IT IS FURTHER ORDERED** that Ryan Anderson must file a status report regarding his representation of Plaintiffs on or before **October 13, 2023.**

DATED: September 22, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] It is also unclear to the Court whether Parks is filing only on his own behalf or whether he is attempting to file on behalf of Rock N' Roll Foods, LLC as well. However, because it is a corporation, Rock N' Roll, LLC must be represented by counsel to proceed in this action. *See Reading Intern., Inc. v. Malulani Group, Ltd.*, 814 F.3d 1046, 1053 (9th Cir. 2016) (explaining that corporations must be represented by counsel).