# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Rock N' Roll Foods, LLC and Richard "Rocky" Parks,<br><br>Plaintiffs,<br><br>v.<br><br>Stephen Frazer and Emerging Technology Corporation,<br><br>Defendants. | Case No. 2:15-cv-00988-JAD-DJA<br><br><br>**Order** |

On September 15, 2017, judgment was entered in favor of Plaintiffs and against Defendants in the amount of $100,000.00 bearing post judgment interest at the statutory rate. (ECF No. 44). Plaintiffs now move for an order allowing the examination of Defendant Stephen Frazer, the sole officer and director of Defendant Emerging Technology Corporation ("ETC") in aid of judgment collection. (ECF No. 61). Plaintiffs request that the exam be held at the Plaintiff's counsel's office at 1333 North Buffalo Drive, Suite 210, Las Vegas, Nevada 89128 on July 17, 2026, at 1:00 p.m. Plaintiffs further request that the Court order Defendants to produce certain documents and to answer certain interrogatories relevant to the exam within thirty days after being served the discovery requests. Plaintiffs served their motion on Defendants via first class mail.

Under Federal Rule of Civil Procedure 69(a)(1), "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Under Federal Rule of Civil Procedure 69(a)(2), "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the

procedure of the state where the court is located." Under Nevada Revised Statue 21.270, a judgment creditor is "entitled" to an order from the judge requiring the judgment debtor to appear and answer upon oath or affirmation concerning his or her property. *See* NRS 21.270(1). However, "[n]o judgment debtor may be required to appear outside the county in which the judgment debtor resides." NRS 21.270(1). The order may require the judgment debtor to appear before "[t]he judge or a master appointed by the judge; or…[a]n attorney representing the judgment creditor." NRS 21.270(1). If the judgment debtor appears before any person other than a judge or master, "[t]he oath or affirmation of the judgment debtor must be administered by a notary public," and "[t]he proceedings must be transcribed by a court reporter or recorded electronically. The transcript of the recording must be preserved for 2 years." NRS 21. 270(2). Finally, the failure of a party to file points and authorities in response to any motion constitutes a consent to the granting of the motion. *See* LR 7-2(d).

Here, the Court will grant Plaintiffs' motion in part and deny it in part. It grants it in part regarding Plaintiffs' request for a judgment debtor exam. However, with respect to Plaintiffs' request that the Court order Defendants to produce documents and answer interrogatories, the Court declines to order such relief at this time. "[A]bsent a showing that the judgment debtor failed to comply with [previous] requests for production, courts generally do not issue an order compelling the production of those documents." *Copper Sands Homeowners Association v. Copper Sands Realty, LLC*, No. 2:10-cv-00510-GMN-NJK, 2017 WL 11927656, at *2 (D. Nev. Oct. 2, 2017) (citing *Bd. of Trs. v. FF&E Logistical, Inc.*, No. 2:16-cv-01289-RFB-NJK, 2017 U.S. Dist. LEXIS 121264, at *2 (D. Nev. Aug. 1, 2017) (collecting cases)). Instead, the mechanism for seeking such documents is to serve a request for production in accordance with Rule 34 of the Federal Rules of Civil Procedure. *Id.* The Court finds no reason that the same should not be true for Plaintiffs' interrogatories. *See* Fed. R. Civ. P. 69(a)(2); *see* Fed. R. Civ. P. 33; *see* Fed. R. Civ. P. 37. Plaintiffs have provided no reason why a Court order is needed, rather than seeking production of documents and interrogatories through serving a request.

**IT IS THEREFORE ORDERED** that the Plaintiffs' motion for judgment debtor exam (ECF No. 61) is **granted in part and denied in part without prejudice.**  The Court grants Plaintiffs' motion regarding Plaintiffs' request for a judgment debtor exam.  The Court denies Plaintiffs' motion without prejudice regarding Plaintiffs' request that the Court compel Defendants' to produce documents and answer interrogatories.

**IT IS FURTHER ORDERED** that Plaintiffs must serve a copy of this order on Defendants and file a proof of that service on the docket.

DATED: June 22, 2026

_____

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE